IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01838-MJW

CARLTON DUNBAR,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,
FNU FOSTER, and
DOES 1-20,

    Defendants.

---

## PROTECTIVE ORDER ( Docket No. 24-1 )

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials and/or information, including, without limitation, documents produced, including electronic discovery, video materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. Documents, materials, and/or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (both categories collectively referred to as "CONFIDENTIAL Information"), shall be information that is confidential and implicates the personal privacy of Plaintiff and/or other inmates (including, but not

limited to, psychological and medical records); the personal privacy of staff and employees; prison security and safety; the institutional adjustment of Plaintiff and/or other inmates; and/or law enforcement techniques. CONFIDENTIAL Information shall not be disclosed or used for any purpose except the litigation of this case. The protections granted by this Protective Order shall not be waived.

3. If Defendants produce to Plaintiff a document that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11), which allows for such production.

4. The subset of CONFIDENTIAL Information that pertains to the sensitive and/or limited official-use only records of Plaintiff, or the sensitive medical or other information regarding the Plaintiff, shall be designated as CONFIDENTIAL by marking it as "CONFIDENTIAL." This subset of Confidential Information produced by the Defendants may be discussed with Plaintiff and/or reviewed with Plaintiff, but may not be retained by Plaintiff in his cell. This subset of Confidential Information produced by the Plaintiff may be discussed with and reviewed by any Defendant, but a copy may not be retained by any individual Defendant, except as provided in Paragraphs 8(c) and 9(c).

5. The subset of CONFIDENTIAL information pertaining to the law enforcement sensitive and official-use only records of the Federal Bureau of Prisons or other highly sensitive materials produced by either party shall be designated as CONFIDENTIAL by marking it as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY." Other information may be designated by Defendants as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" for security and safety reasons.

6. CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY information shall not be disclosed to or discussed with anyone other than attorneys who have entered an appearance in this case except as provided in Paragraph 9 below.

7. Any reproduction of CONFIDENTIAL Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information) must retain the mark "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

8. The subset of CONFIDENTIAL Information marked "CONFIDENTIAL" shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such information may be disclosed to:

    a. Attorneys actively working on this case;

    b. Persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. Employees of the Department of Justice and the Federal Bureau of Prisons, with a need to have access to such document in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or Federal Bureau of Prisons employee from having access to Federal Bureau of Prisons records to which such employee would normally have access in the regular course of his or her employment;

    d. The parties;

    e. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    f. Witnesses or court reporting personnel during depositions;

    g. The Court, and necessary Court staff, pursuant to Paragraphs 12, 13, and 14; and

    h. Other persons by written agreement of the parties.

9. The subset of CONFIDENTIAL Information marked "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such information may be disclosed to:

    a. Attorneys actively working on *and* who have entered an appearance in this case;

    b. Attorneys or staff employed at a law office of an attorney described in Paragraph 9(a);

    c. Employees of the Department of Justice and the Federal Bureau of Prisons, with a need to have access to such document in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or Federal Bureau of Prisons employee from having access to Federal Bureau of Prisons records to which such employee would normally have access in the regular course of his or her employment;

    d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    e. Court reporting personnel during depositions;

    f. The Court, and necessary Court staff, pursuant to Paragraphs 12, 13, and 14; and

    g. Other persons by written agreement of the parties.

10. Prior to disclosing any CONFIDENTIAL Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information) to any person listed in Paragraphs 8(e), 8(f), or 8(h), or 9(d), 9(e), or 9(g), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause is demonstrated by the opposing party.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information), the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate depositions, or portions thereof, as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" after transcription, provided written notice is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. In the event that a party desires to use CONFIDENTIAL information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information) as an exhibit to a Court document, the CONFIDENTIAL information shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 and must

retain the mark "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

13. If additional disclosure is needed of CONFIDENTIAL Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information), counsel for the party seeking disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within thirty (30) days, either party may file an appropriate motion with the Court. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion, consistent with Paragraph 12 of this Protective Order.

14. A party may object to the designation of CONFIDENTIAL Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information) by giving written notice to the counsel for the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the dispute within fourteen (14) days after the time the written notice is received, it shall be obligation of the party designating the CONFIDENTIAL Information to an appropriate motion requesting that the Court determine whether good cause exists for the disputed information to be treated as CONFIDENTIAL and subject to the terms of this Protective Order. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion, consistent with Paragraph 12 of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion

within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL.

15. At the conclusion of this case, unless other arrangements are agreed upon, all but one copy of CONFIDENTIAL information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information), whether electronic or physical, shall be immediately returned to the producing party, or shall be destroyed or deleted. Where CONFIDENTIAL Information is destroyed or deleted, the party shall promptly provide an affidavit confirming the destruction or deletion. One copy of all confidential material may be maintained by counsel until the statute of limitations for legal malpractice has run, at which point that copy shall be destroyed or returned as provided in this Paragraph. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard. The Court shall retain jurisdiction to enforce this Protective Order even after the case has concluded.

DATED this 6TH day of October 2014.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Approved as to form and content:

s/ Deborah M. Golden
Deborah M. Golden
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W.
Suite 400
Washington, DC 20036
Phone: 202.319.1000
Fax: 202.319.1010
Email: Deborah_Golden@WashLaw.org
Counsel for Plaintiff

Claudia Callaway
Katten Muchin Rosenman LLP
2900 K Street, NW
Suite 200
Washington, DC 20007
Phone: 202.625.3590
Fax: 202.295.1920
Email: claudia.callaway@kattenlaw.com
Counsel for Plaintiff

JOHN F. WALSH
United States Attorney

s/ Marcy E. Cook
Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0171
Fax: (303) 454-0404
E-mail: marcy.cook@usdoj.gov
Counsel for the United States

8