IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01838-MJW

CARLTON DUNBAR,

Plaintiff,

v.

UNITED STATES OF AMERICA,
FNU FOSTER, and
DOES 1-20,

Defendants.

## ORDER
## ON DEFENDANT FOSTER'S MOTION TO DISMISS COMPLAINT (Docket No. 18)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case has been referred to the undersigned by Chief Judge Marcia S. Krieger for all purposes (see Docket No. 17) upon the consent of the parties (see Docket No. 16) pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges.

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is housed in the United States Penitentiary, Administrative Maximum ("ADX"). In his Complaint, brought through counsel, he raises just one claim against defendant Foster (Claim III), namely, a First Amendment claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff asserts therein that Foster deliberately and intentionally prevented plaintiff from being able to file an administrative remedy form (a "BP-9") within twenty days of an alleged attack by

another inmate.  (Docket No. 1 at 12, ¶ 55).  He asserts:

> While in the SHU [Special Housing Unit], Plaintiff repeatedly requested the Administrative Complaint form BP-228(13) (the "BP-8").  His confinement to the SHU meant that Plaintiff was entirely reliant upon his counselor, Defendant Foster, to provide him with the BP-8 and file it on his behalf.  In response, Defendant Foster told Plaintiff that he did not want to help Plaintiff sue the BOP or its employees for the injuries Plaintiff sustained.  Defendant Foster, knowing that Plaintiff was required by BOP policy to file such form in time to subsequently file his BP-9 within twenty (20) days of the incident and that a delay may harm his ability to bring a later *Bivens* calim, intentionally delayed the filing of the administrative remedies.

(Docket No. 1 at 10, ¶ 40).  Plaintiff seeks compensatory and punitive damages on his Bivens claim.  (Docket No. 1 at 14, ¶¶ 2 and 3).

Now before the court is Defendant Foster's Motion to Dismiss Complaint (Docket No. 18).  Plaintiff has filed a response (Docket No. 29), and Foster has filed a reply (Docket No. 32).  The court has carefully considered these motion papers as well as applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed makes the following findings, conclusions of law, and order.

Foster moves to dismiss the Complaint pursuant to Fed. R. Civ P. 12(b)(6) on the grounds that there is no Bivens remedy for plaintiff's First Amendment claim, and even assuming the existence of a Bivens remedy for such a claim, plaintiff has not plausibly pleaded a First Amendment violation.  This court agrees with Foster's arguments, and the Bivens claim against him shall be dismissed.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atlantic Corp., 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'"  Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle

ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ."  Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

Plaintiff may not assert a Bivens claim for damages based on an alleged violation of the First Amendment. Davis v. Holder, 2014 WL 1713429, at *8 (D. Colo. Apr. 23, 2014); Bogard v. Hutchings, 2014 WL 959496, at *3-4 (D. Colo. Mar. 12, 2014); Blackman v. Torres, 2013 WL 941830, at *2 (D. Colo. Mar. 11, 2013), reconsideration denied, 2014 WL 976934, at *2 (D. Colo. Mar. 12, 2014); Williams v. Klien, 20 F. Supp.3d 1171, 1174 (D. Colo. 2014).

Alternatively, even if plaintiff could bring a First Amendment claim under Bivens, he has failed to "demonstrate actual injury from interference with his access to the courts–that is, that [he] was frustrated or impeded in his efforts to pursue a nonfrivolous

5

legal claim concerning his conviction or his conditions of confinement." <u>Gee v. Pacheco</u>, 627 F.3d 1178, 1191 (10th Cir. 2010) (emphasis added).  Instead, plaintiff merely alleges that he was unable to obtain a BP-8 form and that this "may" harm his ability to bring a later claim.  Therefore, plaintiff has failed to state a First Amendment claim.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED that** Defendant Foster's Motion to Dismiss Complaint (Docket No. 18) is **granted**.  Therefore, Claim III of the Complaint is dismissed with prejudice.

Date:  December 19 , 2014             s/ Michael J. Watanabe
       Denver, Colorado               Michael J. Watanabe
                                      United States Magistrate Judge